UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HENDERSON,

    Plaintiff,

v.

ROSS BURRELL, et al.,

    Defendants.

Case No. 16-cv-01088 RMW (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION**

Plaintiff, a California state pretrial detainee, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses two defendants and serves the remaining defendant.

**DISCUSSION**

A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

Case No. 16-cv-01088 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

1

monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In the complaint, plaintiff alleges that he was at the scene when defendant Officer Ross Burrell of the Emeryville Police Department had stopped someone named Terry Harris.  Defendant requested identification from plaintiff and Harris.  Plaintiff complied.  Defendant then asked plaintiff to put his hands behind his back.  Defendant removed all of plaintiff's jewelry and checked plaintiff's pockets.  Defendant proceeded to unzip plaintiff's pants and take off plaintiff's jackets, and throw them "somewhere."  Plaintiff asked defendant why he was taking plaintiff's clothes when plaintiff was not under arrest.  Defendant responded by putting plaintiff's hands tightly into handcuffs, injuring plaintiff's wrists.  Plaintiff alleges that Harris had been in possession of a stolen rain coat, but Harris was not searched.  Eventually, plaintiff had all of his upper body clothing removed, and defendant forced plaintiff to lie on the ground with his pants to his ankles.  Plaintiff claims that defendant then fondled plaintiff's private parts, and penetrated plaintiff's rear with some unknown object.  Liberally construed, plaintiff has stated a cognizable claim that Officer Burrell violated plaintiff's Fourth Amendment rights against unreasonable searches and seizures.

Plaintiff also names as defendants Supervisor Richard Lee and the Emeryville Police Department.  However, plaintiff proffers no facts linking Supervisor Lee to any allegation.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his

Case No. 16-cv-01088 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

2

or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).  Plaintiff has not provided any facts sufficient to state a cognizable claim against Supervisor Lee.  Accordingly, Supervisor Lee is dismissed with leave to amend if plaintiff believes in good faith that he can state a cognizable claim against him.

Further, although local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), in order to impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has not done so.  Accordingly, the Emeryville Police Department is dismissed with leave to amend if plaintiff believes in good faith that he can state a cognizable claim against it.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.     The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, and a copy of this order to Officer Ross Burrell #364 at the Emeryville Police Department.

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the Alameda County Counsel at 1221 Oak Street, Suite 450, Oakland CA 94612.  The

Case No. 16-cv-01088 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

3

clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause is shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed and defendant will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than sixty (60) days from the filing date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than twenty-eight (28) days from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v.

Case No. 16-cv-01088 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

4

Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendant shall file a reply brief no later than fourteen (14) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:   7/25/2016

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-01088 RMW (PR)
ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

5